**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **HEATHER WILLIAMS-LOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cv-787** |
| | § | |
| **U.S. RENAL CARE, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Heather Williams-Lott brings this action against Defendant U.S. Renal Care, Inc. to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

### I. NATURE OF THE SUIT

1. Defendant paid Ms. Williams-Lott a fixed annual salary, treated her as exempt from the FLSA, and has never paid her overtime. But for nearly her entire tenure she has done the same hands-on, operational payroll work as the hourly employee who reports to her, side by side and on the same schedule. Her work is not exempt, and the law requires Defendant to pay her time and one-half her regular rate for the hours she worked over forty each week.

2. Williams-Lott time brings this action to recover those unpaid overtime wages, an equal amount in liquidated damages, and her attorney's fees and costs.

### II. PARTIES

3. Plaintiff Heather Williams-Lott is an individual residing in Texas. At all times relevant to this Complaint, she was employed by Defendant and was an "employee" within the meaning of 29 U.S.C. § 203(e)(1).

4. Defendant U.S. Renal Care, Inc. is a corporation that maintains its principal place of business at 5851 Legacy Circle, Suite 900, Plano, Texas 75024. Defendant may be served with process through its registered agent, CT Corporation System, at 14651 Dallas Parkway, Suite 900, Dallas Texas 75254, or wherever it may be found.

5. At all times relevant to this Complaint, Defendant was Ms. Williams-Lott's "employer" within the meaning of 29 U.S.C. § 203(d). Defendant determined Ms. Williams-Lott's rate and method of pay, classified her as exempt, set and controlled her work schedule, directed her day-to-day duties, and maintained (or was required to maintain) records of her employment.

## III. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over Ms. Williams-Lott's FLSA claims under 28 U.S.C. § 1331 because they arise under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

7. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and because a substantial part of the events giving rise to Ms. Williams-Lott's claims occurred in this District. Defendant maintains its principal place of business in Plano, Collin County, Texas, which lies within the Sherman Division of the Eastern District of Texas.

8. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Texas and conducts substantial and continuous business in this State and this District.

## IV. COVERAGE UNDER THE FLSA

9. At all times relevant to this Complaint, Defendant was an "employer" within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant to this Complaint, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r) because it performed related activities through unified operation or common control for a common business purpose.

11. At all times relevant to this Complaint, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendant's employees handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce, and Defendant's annual gross volume of sales made or business done is not less than $500,000.

12. At all times relevant to this Complaint, Ms. Williams-Lott was an "employee" within the meaning of 29 U.S.C. § 203(e)(1), and was engaged in commerce or in the production of goods for commerce, or was employed by an enterprise engaged in commerce or in the production of goods for commerce.

### V. FACTUAL ALLEGATIONS

13. Defendant is one of the largest dialysis providers in the United States, operating dialysis centers and related operations across the country and employing thousands of people.

14. Defendant hired Ms. Williams-Lott on February 27, 2024, as a payroll manager for Defendant's Time and Attendance function. She remains employed by Defendant today.

15. Ms. Williams-Lott was hired to oversee and manage a Time and Attendance timekeeping platform. Defendant has never migrated onto that platform, and the role she was hired to perform has never materialized.

16. In place of that role, Defendant has assigned Ms. Williams-Lott to perform ordinary, operational payroll work alongside the hourly members of her team. Her day-to-day work consists of

processing payroll, working payroll phone queues, and responding to payroll inquiries and support tickets.

17. Ms. Williams-Lott performs the same payroll-processing tasks as the single hourly employee with whom she works. The two of them divide the same work each pay cycle and initial the same weekly worksheets side by side. There is no meaningful difference between the work Ms. Williams-Lott performs and the work her hourly direct report performs.

18. Defendant classified Ms. Williams-Lott as exempt and paid her a fixed salary on a biweekly basis. Defendant paid her the same salary regardless of how many hours she worked.

19. Ms. Williams-Lott regularly worked far more than forty hours per week. From the start of her employment through approximately October 2025, she worked on average between fifty and fifty-five hours per week. After an hourly employee on her team was terminated and part of that employee's workload was shifted to her, her hours increased to approximately fifty-five to sixty hours per week.

20. Ms. Williams-Lott did not control her own schedule. Defendant required her to be online and available every workday from 8:00 a.m. to 5:00 p.m. On payroll-processing days she regularly worked as late as 9:00 p.m. and was still required to be back online the next morning at 8:00 a.m. She also performed work on weekends and on holidays when payroll fell on or near those days.

21. Ms. Williams-Lott worked remotely through Defendant's virtual private network. Defendant's network automatically logs a user off after twelve hours, and Ms. Williams-Lott regularly had to log back in because she was still working, reflecting workdays longer than twelve hours.

22. No FLSA exemption applies to Ms. Williams-Lott.

23. Her primary duty did not consist of management of the enterprise or of a customarily recognized department or subdivision of it.

24. Ms. Williams-Lott did not customarily and regularly direct the work of two or more other full-time employees.

25. Only one employee reported to her, and that employee performed the same operational payroll work that Ms. Williams-Lott performed.

26. Ms. Williams-Lott did not have the authority to hire or fire other employees, and her suggestions and recommendations as to the hiring, firing, advancement, promotion, or other change of status of other employees were not given particular weight.

27. Ms. Williams-Lott had no authority over the terms and conditions of employment of the one employee who reported to her.

28. When that employee raised questions about her own overtime or time off, Ms. Williams-Lott had no authority to decide them and referred them to her own manager.

29. Ms. Williams-Lott's primary duty did not consist of office or non-manual work directly related to the management or general business operations of Defendant or its customers.

30. Ms. Williams-Lott's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

31. Her work was dictated by the volume of payroll that came in, and she followed the same standardized procedures and worksheets that her hourly direct report followed.

32. She escalated questions and obtained management approval on routine matters, including any deviation from her required schedule.

33. Defendant never paid Ms. Williams-Lott any overtime compensation for the hours she worked in excess of forty in a workweek.

34. Defendant knew, or showed reckless disregard for whether, its pay practices violated the FLSA.

35. Ms. Williams-Lott raised her misclassification and unpaid overtime directly with Defendant's human resources department.

36. Defendant acknowledged internally that the work she was performing was routine and administrative in nature, yet told her that nothing could be done about the overtime she had already earned.

37. Defendant is a sophisticated employer with a dedicated payroll department and in-house employment counsel, and it had actual knowledge of Ms. Williams-Lott's duties, her schedule, and the hours she worked. Defendant's violations were willful.

## VI. CAUSE OF ACTION

### Violation of the FLSA: Failure to Pay Overtime

### 29 U.S.C. §§ 207, 215(a)(2)

38. Ms. Williams-Lott incorporates the preceding paragraphs 1-37 as if fully set forth herein.

39. Defendant employed Ms. Williams-Lott within the meaning of the FLSA, and no exemption relieved Defendant of its obligation to pay her overtime.

40. Defendant violated 29 U.S.C. § 207 by failing to pay Ms. Williams-Lott overtime compensation at a rate of one and one-half times her regular rate for the hours she worked in excess of forty in each workweek, and it thereby violated 29 U.S.C. § 215(a)(2).

41. Defendant failed to make, keep, and preserve accurate records of the hours Ms. Williams-Lott actually worked, as required by 29 U.S.C. § 211(c) and its implementing regulations.

42. Defendant did not act in good faith and had no reasonable grounds to believe that its failure to pay overtime complied with the FLSA. Ms. Williams-Lott is therefore entitled to liquidated damages in an amount equal to her unpaid overtime under 29 U.S.C. § 216(b).

43. Because Defendant's violations were willful, a three-year statute of limitations applies under 29 U.S.C. § 255(a).

44. As a result of Defendant's violations, Ms. Williams-Lott has suffered lost wages and is entitled to recover her unpaid overtime, an equal amount in liquidated damages, and her reasonable attorney's fees and costs under 29 U.S.C. § 216(b).

## VII. PRAYER FOR RELIEF

For these reasons, Ms. Williams-Lott respectfully requests that the Court enter judgment in her favor and against Defendant, and award her the following relief:

    a.       All unpaid overtime wages owed under 29 U.S.C. § 207 for the full limitations period;

    b.       An equal amount in liquidated damages under 29 U.S.C. § 216(b);

    c.       Reasonable attorney's fees and costs of court under 29 U.S.C. § 216(b);

    d.       Pre-judgment and post-judgment interest as allowed by law;

    e.       A declaration that Defendant violated the FLSA; and

    f.       All other relief, at law or in equity, to which Ms. Williams-Lott may be justly entitled.

Respectfully Submitted,


WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: */s/ Douglas B. Welmaker*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFF**