**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **HEATHER WILLIAMS-LOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-CV-00787-ALM** |
| | § | |
| **U.S. RENAL CARE, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant U.S. Renal Care, Inc. ("USRC" or "Defendant") files this Answer to Plaintiff's Original Complaint (the "Complaint"), and respectfully states:

## I. NATURE OF THE SUIT

1. Defendant admits that Plaintiff is paid a salary and that she is classified as exempt under the FLSA. Defendant denies the remaining allegations in Paragraph 1 of the Complaint.

2. Paragraph 2 of the Complaint is descriptive in nature and generally requires no factual response by Defendant. Defendant denies any alleged violation of the FLSA and denies that Plaintiff is entitled to recover alleged overtime wages or other relief requested.

## II. PARTIES

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in the first sentence of Paragraph 4 of the Complaint. With regard to the remaining allegations, Defendant has been served with process and is appearing by this Answer.

5. Defendant admits the allegations in the first sentence of Paragraph 5 of the Complaint. Regarding the second sentence, Defendant admits that it determined Plaintiff's salary, that it classified Plaintiff as an exempt employee, and that it maintains certain records of Plaintiff's employment. Defendant denies the remaining allegations of Paragraph 5.

## III. JURISDICTION AND VENUE

6. The allegations in Paragraph 6 of the Complaint are jurisdictional in nature and require no factual response by Defendant. Defendant admits that Plaintiff's claims arise under the FLSA, but Defendant denies any alleged violation of the FLSA.

7. Defendant admits that venue is proper in this District as alleged in Paragraph 7 of the Complaint.

8. The allegations in Paragraph 8 of the Complaint are jurisdictional in nature and generally require no factual response. Defendant admits that it maintains its principal place of business in Texas and that it conducts business in Texas and in this District.

## IV. COVERAGE UNDER THE FLSA

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint contains a legal conclusion to which no response is required. Defendant further states that the allegations are vague as to the alleged "related activities," and Defendant lacks sufficient information to fairly respond.

11. Paragraph 11 of the Complaint contains a legal conclusion to which no response is required. However, to the extent a response is required, Defendant admits that it is engaged in commerce and that its annual gross sales or business exceeds $500,000. Defendant denies any remaining allegations in Paragraph 11.

12. Regarding Paragraph 12 of the Complaint, Defendant admits that Plaintiff is an employee engaged in commerce as defined in the FLSA. The remaining allegations in Paragraph 12 contain a legal conclusion to which no response is required.

## V. FACTUAL ALLEGATIONS

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

14. Regarding the allegations in Paragraph 14 of the Complaint, Defendant states that Plaintiff began her employment on or about March 4, 2024 as a payroll manager, and that Plaintiff remains employed with Defendant as of the date of this Answer. Defendant denies any remaining allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff primarily works remotely as alleged in Paragraph 21 of the Complaint. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Regarding the allegations in Paragraph 33 of the Complaint, Defendant states that Plaintiff is not paid overtime compensation as an exempt employee. Defendant denies any remaining allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Regarding the allegations in Paragraph 35 of the Complaint, Defendant states that Plaintiff raised certain questions about her role and the expectations for her role with the human resources department but denies that Plaintiff reported the issues as described in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Regarding the allegations in Paragraph 37 of the Complaint, Defendant admits that it has a dedicated payroll department and in-house employment counsel. Defendant denies the remaining allegations in Paragraph 37.

## VI. CAUSE OF ACTION

### Violation of the FLSA: Failure to Pay Overtime

### 29 U.S.C. §§ 207, 215(a)(2)

38. Regarding Paragraph 38 of the Complaint, Defendant incorporates and restates its response to Paragraphs 1-37.

39. Regarding Paragraph 39 of the Complaint, Defendant admits that it employs Plaintiff and denies the remaining allegations.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Regarding the allegations in Paragraph 42 of the Complaint, Defendant denies that it engaged in any unlawful conduct under the FLSA, denies that Plaintiff is entitled to overtime under the FLSA, and denies that Plaintiff is entitled to any damages.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Regarding the allegations in Paragraph 44 of the Complaint, Defendant denies that it violated the FLSA and denies that Plaintiff is entitled to any damages or other relief sought.

45. Defendant denies any allegations of the Complaint that have not been addressed above.

## VII. PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any damages or other relief as requested in the Prayer for Relief.

## DEFENSES

Defendant asserts the following defenses and/or affirmative defenses in the alternative and to the extent applicable:

1. Plaintiff's Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Defendant.

2. Defendant invokes any applicable statute of limitations, and states that the claims asserted in the Complaint are barred by limitations, in whole or in part.

3. Plaintiff is exempt from the overtime requirements of the FLSA under the administrative exemption, executive exemption, or such other applicable exemption.

4. Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, and laches.

5. Some or all of the disputed time for which Plaintiff seeks recovery is not compensable pursuant to the de minimis doctrine.

6. The claims of Plaintiff are barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours in which Plaintiff was engaged in activities that were preliminary and/or postliminary to her principal activities.

7. Defendant has at all times acted in good faith and had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA or any other applicable law.

8. Plaintiff's claims for liquidated damages under the FLSA fail because all decisions regarding Plaintiff's employment and exempt classification were made in good faith, based upon reasonable grounds, and with the intent to comply with the FLSA.

9. Any alleged overtime worked by Plaintiff was not known, suffered or permitted by Defendant.

10. The claims of Plaintiff are barred to the extent the relief sought by Plaintiff exceeds that available under the statutes and/or regulations under which Plaintiff brings suit.

11. The claims of Plaintiff are subject to all applicable setoffs, offsets, and/or recoupments.

12. To the extent necessary, Defendant asserts that Plaintiff was paid a salary at all material times that was intended and agreed to compensate her for all hours worked.

13. Defendant claims its entitlement to recover attorneys' fees and costs of suit under any applicable statute or authority.

14. In addition to the foregoing defenses, Defendant reserves the right to assert any other defenses available upon the completion of discovery and in compliance with the Federal Rules of Civil Procedure, the Court's Local Rules, and any applicable scheduling order.

**PRAYER**

WHEREFORE, Defendant respectfully requests that the Court deny all of Plaintiff's claims, enter a take-nothing judgment in favor of Defendant, and dismiss Plaintiff's action with prejudice. Defendant further requests that it recover all costs of court and attorneys' fees from Plaintiff, and that Defendant recover any other and further relief to which it is justly entitled.

Respectfully submitted,

By: */s/ Michael J. DePonte*
Michael J. DePonte
State Bar Number
Michael.DePonte@jacksonlewis.com
David A. Scott
Texas Bar No. 17894515
David.Scott@jacksonlewis.com
JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
Phone: (214) 520-2400
Fax: (214) 520-2008

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On September 8, 2026, I certify that the foregoing document was electronically submitted to the Clerk of the Court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the Court. I hereby certify that I have served all counsel of record electronically, as authorized by Federal Rule of Civil Procedure 5(b)(2), including the following:

Douglas B. Welmaker
WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
doug@welmakerlaw.com

*/s/ Michael J. DePonte*
Michael J. DePonte