**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **HEATHER WILLIAMS-LOTT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:26-cv-00787-ALM** |
| | § | |
| **U.S. RENAL CARE, INC.** | § | |
| | § | |
| **Defendant.** | § | |

**<u>JOINT REPORT OF RULE 26(f) ATTORNEY CONFERENCE</u>**

Plaintiff Heather Williams-Lott and Defendant U.S. Renal Care, Inc. (collectively the "Parties") file this Joint Report under Federal Rule of Civil Procedure 26(f) and the Court's Order Governing Proceedings (Dkt. 8). Counsel for the Parties conferred by telephone on September 30, October 19, November 3, and November 9, 2026, and have continued to confer by email and telephone since those dates.

**1. Brief Factual and Legal Synopsis of the Case.**

Plaintiff's position. Defendant operates dialysis centers across the United States (Dkt. 1 ¶ 13; Dkt. 6 ¶ 13). Defendant hired Plaintiff in early 2024 as Payroll Manager, Time and Attendance, and she remains employed by Defendant (Dkt. 1 ¶ 14; Dkt. 6 ¶ 14). Defendant paid Plaintiff a salary and classified her as exempt from the overtime requirements of the Fair Labor Standards Act (Dkt. 6 ¶¶ 1, 18). Defendant did not pay her overtime (Dkt. 6 ¶ 33). Plaintiff alleges that Defendant never implemented the timekeeping platform she was hired to manage, that Defendant instead assigned her the same payroll-processing work that the single hourly employee reporting to her performed, that she regularly worked fifty to sixty hours a week, and that no exemption applies to that work (Dkt. 1 ¶¶ 15 to 25). She seeks unpaid overtime under 29

U.S.C. § 207, an equal amount as liquidated damages, and attorney's fees and costs under 29 U.S.C. § 216(b), for the three years before suit on the ground that the violation was willful (Dkt. 1 ¶¶ 38 to 44).

Defendant's position. Defendant denies any alleged violation of the Fair Labor Standards Act ("FLSA"). Plaintiff has been employed as a Payroll Manager at all times, and she is correctly classified as an exempt employee under the FLSA. Plaintiff is, therefore, not entitled to any alleged overtime compensation or other relief sought.

**2. Jurisdictional Basis.**

Plaintiff's claim arises under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. The Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). Neither party contests jurisdiction or venue.

**3. Correct Names of the Parties and Anticipated Additional Parties.**

The Parties are Plaintiff Heather Williams-Lott and Defendant U.S. Renal Care, Inc., whose parent corporation is Rangers Renal Intermediate, Inc. (Dkt. 7). Neither party anticipates adding a party.

**4. Related Cases.**

The Parties are not aware of any related case pending in any state or federal court.

**5. Initial Disclosures.**

The Parties have completed the initial mandatory disclosures required by Rule 26(a)(1) and the Order Governing Proceedings (Dkt. 8). Plaintiff served her disclosures and her first production of documents on October 26, 2026, and Defendant served its disclosures the same day.

**6. Proposed Scheduling Order Deadlines.**

The Parties propose that the standard schedule in Appendix 1 to the Order Governing Proceedings be modified in some respects to allow for two additional months for discovery, experts, and motions with a trial date in November 2027. The extra time is needed due to other case commitments of counsel and due to the Parties' ongoing efforts to resolve the case before expending resources on discovery and other case activities.

With modification, the resulting dates are: motions to transfer, November 20, 2026; deadline to add parties, December 28, 2026; disclosure of expert testimony on issues for which the party bears the burden of proof, March 19, 2027; Plaintiff's amended pleadings, February 5, 2027; disclosure of expert testimony on issues for which the party does not bear the burden of proof, April 19, 2027; Defendant's final amended pleadings, March 5, 2027; dispositive motions, April 19, 2027; objections to the other party's experts, six weeks after each disclosure, April 30, 2027 and May 31, 2027; completion of discovery, May 31, 2027; notice of intent to offer certified records and contact between counsel on the Joint Final Pretrial Order, August 24, 2027; deposition designations, August 31, 2027; motions in limine and the Joint Final Pretrial Order, September 3, 2027; objections to witnesses, deposition extracts, and exhibits and proposed findings of fact and conclusions of law, September 17, 2027; and the final pretrial conference on October 7, 2027, with trial in November 2027.

The Parties propose a mediation deadline of May 31, 2027, the proposed date for the completion of discovery. At this time, the Parties do not anticipate any other changes to the standard schedule and do not anticipate any special complexity.

**7. Discovery Plan.**

(i) Subjects of discovery, timing, and phasing. Discovery will be needed on Plaintiff's job duties and the duties of the employee(s) who worked with her and reported to her; Defendant's organizational charts and reporting structure for the payroll department, including the history of changes to that structure in Defendant's ADP system; the hours Plaintiff worked, including Defendant's VPN, Okta, Duo, Microsoft Teams, and ADP login and approval records, to the extent available; Plaintiff's pay and the pay and time records of the hourly employees who Plaintiff contends performed the same work; Defendant's decision to classify Plaintiff as exempt and the basis for that decision; the exemption and good-faith defenses Defendant has pleaded; willfulness; and damages. The Parties propose that discovery be completed by May 31, 2027, as noted above. Discovery need not be conducted in phases or limited to particular issues.

(ii) Electronically stored information. The relevant ESI may include email, Microsoft Teams messages, VPN and authentication logs, ADP payroll, timekeeping, and organizational-chart data, payroll worksheets, and personnel records. The Parties propose that spreadsheets, databases, and payroll, timekeeping, and system-log data be produced in native format or in a reasonably usable electronic format that preserves the data fields, and that email and other documents be produced as searchable PDF or TIFF images with standard load files and metadata. The Parties will confer on custodians, date ranges, and search terms. Counsel have identified no ESI dispute that they were unable to resolve.

(iii) Privilege and preservation. The Parties ask the Court to enter an order under Federal Rule of Evidence 502(d) providing that the production of a privileged or protected document does not waive the privilege or protection in this or any other proceeding. The Parties expect to submit an agreed protective order based on the Court's form protective order, because discovery

will include pay and personnel information about Defendant's other employees. Each party is preserving discoverable information, including ESI.

(iv) Changes to discovery limits. Neither party proposes a change to the limits on discovery in the Federal Rules of Civil Procedure or the Local Rules.

(v) Other orders. The Parties ask the Court to enter the Rule 502(d) order and the protective order described above. Neither party asks for any other order under Rule 26(c) or Rule 16(b) or (c) at this time.

**8. Settlement.**

Plaintiff made a written settlement demand before suit and has made further demands since Defendant appeared. Defendant has responded in good faith with counteroffers. Counsel last discussed settlement on November 9, 2026, and the parties continue to discuss a possible resolution. On October 29, 2026, the Parties jointly asked the Court for a short extension of the deadline for this report so that those discussions could continue (Dkt. 9), and the Court granted that request on November 4, 2026 (Dkt. 10). The Parties will select a mutually agreeable mediator.

**9. Persons Expected to Be Deposed.**

Plaintiff expects to depose Defendant's corporate representative under Rule 30(b)(6); Michaella Williams, Plaintiff's manager; Abbi Hoffman of Defendant's human resources department; Sylvia Torres; Teresa Cecil; and other payroll, human resources, or information-technology personnel identified in discovery. Defendant expects to depose Plaintiff, any testifying expert witnesses designated by Plaintiff, and possibly other fact witnesses.

**10. Estimated Trial Time and Jury Demand.**

Neither party has demanded a jury to date. Plaintiff estimates that a trial to the Court will take two days. Defendant estimates that the trial may last two to three days.

**11. Attorneys Appearing at the Management Conference.**

Douglas B. Welmaker will appear for Plaintiff. David A. Scott will appear for Defendant. Each attorney is of record and has full authority to bind the client.

**12. Consent to Trial Before a Magistrate Judge.**

The Parties do not jointly consent to trial before a United States Magistrate Judge.

**13. Other Matters.**

The Parties have no other matter to bring to the Court's attention at this time.

Respectfully Submitted,

WELMAKER LAW, PLLC
505 E. Magrill
Longview, Texas 75601
Tel: (512) 799-2048

By: *<u>/s/ Douglas B. Welmaker</u>*
Douglas B. Welmaker
Texas State Bar No. 00788641
doug@welmakerlaw.com
Attorney-in-Charge

**ATTORNEY FOR PLAINTIFF**

JACKSON LEWIS P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201
Tel: (214) 520-2400
Fax: (214) 520-2008

By: */s/ David A. Scott*
Michael J. DePonte
Texas State Bar No. 24001392
michael.deponte@jacksonlewis.com
David A. Scott
Texas State Bar No. 17894515
david.scott@jacksonlewis.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On November 9, 2026, I served the foregoing document on all counsel of record via the Court's CM/ECF system and/or via email and certified U.S. Mail in accordance with the Federal Rules of Civil Procedure.

*/s/ Douglas B. Welmaker*
Douglas B. Welmaker